IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| FRANCISCO JAVIER RIVERA | § | |
| VS. | § | CIVIL ACTION NO. 1:24-cv-247 |
| UNKNOWN DEFENDANTS | § | |

ORDER

Plaintiff Francisco Javier Rivera, an inmate confined at the Connally Unit, proceeding *pro se*, filed this complaint as a "Declaration" in a previous civil rights action pursuant to 42 U.S.C. § 1983. *See Rivera v. Unknown Defendants*, No. 1:21cv382 (E.D. Tex.). Plaintiff's claims asserted in the Declaration involve events that took place at various prison units different from the claims which formed the basis of Plaintiff's original complaint. Accordingly, the Declaration was construed as a supplemental complaint and severed from the previous lawsuit to form the above-styled action. A review of the above-styled action reveals that Plaintiff asserts claims regarding multiple incidents occurring at different TDCJ units dating back to 2023.

First, Plaintiff complains he was housed at the Goree Unit where he claims he was denied safekeeping housing and did not receive medical injections prescribed for multiple sclerosis. Next, Plaintiff claims he was transferred to the Robertson Unit where he alleges he received no medication. Shortly thereafter, Plaintiff claims he was transferred to the Allred Unit where he states he missed more treatments for his multiple sclerosis. On January 3, 2024, Plaintiff claims he was transferred back to the Robertson Unit where he complains that discovery evidence was taken from him for not being properly inventoried. Additionally, Plaintiff claims he missed more medical injections and suffered a major seizure as a result of missing his medication while at the Robertson Unit.

On March 17, 2024, one week after Plaintiff claims he attempted to get help from "Safe Prisons," Plaintiff asserts he was told that he was being transferred once again. Plaintiff was

subsequently transferred from the Robertson Unit to the Estelle Unit. While at the Estelle Unit, Plaintiff claims he was sexually assaulted.

Federal Rule of Civil Procedure 21 allows the court to sever claims originally brought in the same action. The rule provides that "[t]he court may . . . sever any claim against a party." FED. R. CIV. P. 21. The decision whether to sever is discretionary with the court. *Hammons v. Adams*, 786 F.2d 1253 (5th Cir. 1986). After reviewing all relevant factors, it is the opinion of the undersigned that plaintiff's claims involve separate unrelated and factually distinct claims which occurred distant in time from his other claims, and none of the claims occurred within the jurisdictional boundaries of this court. Accordingly, the incidents which occurred at Robertson, Allred, and Estelle units should be severed from this action into separate civil rights actions. Plaintiff's claims concerning incidents at the Goree Unit shall remain in the above-styled action. It is therefore

**ORDERED** that Plaintiff's claims asserted in his Declaration (doc. #2) which occurred at the Robertson, Allred, and Estelle Units are **SEVERED** from this action and shall proceed as three separate civil rights actions. Plaintiff's claims concerning incidents which occurred at the Goree Unit shall remain in the above-styled action. The resulting new civil actions should be assigned according to the regular practice for the allotment of newly-filed civil actions.

**SIGNED this the 28th day of June, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE